**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**MICHAEL T. MORRIS,**

                      **CASE NO. 2:20-CV-01803**

      **Petitioner,**           **JUDGE SARAH D. MORRISON**

                           **Magistrate Judge Kimberly A. Jolson**

      **v.**

**WARDEN, NOBLE CORRECTIONAL
INSTITUTION,**

      **Respondent.**

**ORDER and
REPORT AND RECOMMENDATION**

    Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

    Petitioner paid the $5.00 filing fee.  Therefore, the request to proceed *in forma pauperis* (see Doc. 4) is **DENIED** as moot.

    This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4").  Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ."  If it does so appear, the petition must be dismissed.  *Id*.  With this standard in mind, and for the reasons that follow, these are the circumstances here.  It is therefore **RECOMMENDED** that this action be **DISMISSED**.

# I. BACKGROUND

Petitioner challenges his May 11, 2017 convictions pursuant to his guilty plea in the Franklin County Court of Common Pleas on three counts of rape.  The Ohio Tenth District Court of Appeals summarized the facts and procedural history of the case as follows:

> {¶ 2} In July 2016, the Franklin County Grand Jury indicted Morris on six counts of rape, all first-degree felonies, in violation of R.C. 2907.02, and one count of gross sexual imposition, a fourth-degree felony, in violation of R.C. 2907.05. Morris initially pleaded not guilty, and the matter proceeded to trial in May 2017. After the trial had commenced, Morris pleaded guilty to committing three first-degree felony counts of rape, in violation of R.C. 2907.02. A nolle prosequi was entered as to the remaining counts of the indictment. The trial court imposed the jointly recommended prison sentence of 6 years as to each count, to be served consecutively with each other, for a total sentence of 18 years.

> {¶ 3} Morris did not timely appeal from the trial court's judgment of conviction and sentence, but in August 2017, he filed a motion for leave to file a delayed appeal. Because Morris failed to demonstrate a reasonable explanation for his failure to perfect a timely appeal, this court denied his delayed appeal request. *State v. Morris*, 10th Dist. No. 17AP-609 (Oct. 19, 2017) (memorandum decision). In January 2018, Morris requested leave to file a delayed appeal to the Supreme Court of Ohio, which denied that request.

> {¶ 4} Additionally, on October 4, 2017 and pursuant to Crim.R. 32.1, Morris filed a motion to withdraw his guilty plea to the three counts of rape. In seeking to withdraw his plea, Morris claimed that his trial counsel misled him into signing the plea agreement and that his counsel did not fully explain the plea agreement to him. The next day, Morris filed an identical motion to withdraw his guilty plea. On October 16, 2017, Morris filed a petition for postconviction relief pursuant to R.C. 2953.21, asserting his conviction was void or voidable under the United States and Ohio Constitutions due to ineffective assistance of counsel.

> {¶ 5} On July 2, 2018, the trial court denied Morris' petition for postconviction relief. The next day, the trial court denied his request to withdraw his guilty plea. He filed a timely notice of appeal. On October 22, 2018, this court dismissed Morris' appeal based on his failure to file a brief.

> {¶ 6} In January 2019, Morris filed another motion to withdraw his guilty plea pursuant to Crim.R. 32.1, claiming that he was misled by his trial counsel, that he was under duress to enter the plea, and that he was taking medications affecting his state of mind. In February 2019, the trial court denied Morris' successive motion.

{¶ 7} Morris timely appeals.

II. Assignments of Error

{¶ 8} Morris assigns the following errors for our review:

[1.] Appellant was denied effective assistance of counsel guaranteed under the Sixth Amendment to the U.S. Constitution thus denying his right to a fair trial.

[2.] Appellant was denied effective assistance of counsel guaranteed under the Sixth Amendment to the U.S. Constitution thus denying his right to a fair trial.

[3.] The trial court erred by not granting defendant a hearing on his motion to withdraw plea.

[4.] Appellant was denied equal protection of law and due process guaranteed by the Fifth and Fourteenth Amendment of the U.S. Constitution.

*State v. Morris*, 10th Dist. No. 19AP-152, 2019 WL 4547083, at *1-2 (Ohio Ct. App. Sept. 19, 2019). On September 19, 2019, the appellate court affirmed the trial court's judgment dismissing Petitioner's motion as barred under Ohio's doctrine of res judicata. *Id.* On December 17, 2019, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Morris*, 157 Ohio St.3d 1514 (Ohio 2019).

On April 6, 2020, Petitioner executed this federal habeas corpus petition. (Doc. 1, PAGEID # 8). He asserts that he was denied the effective assistance of counsel (claim one); that he was under duress and medication and unable to understand his guilty plea (claim two); and that the trial court unconstitutionally denied his motion to withdraw his guilty plea (claim three).

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d). The statute provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id*.

A District Court is permitted, but not obligated, to address the timeliness of a federal habeas corpus petition *sua sponte*, *see Day v. McDonough*, 547 U.S. 198 (2006), and may do so when conducting an initial review under Rule 4, *see Wogenstahl v. Charlotte*, No. 1:17-cv-298, 2017 WL 3053645, at *2 (S.D. Ohio July 19, 2017) (citing *McDonough*, 547 U.S. at 198).

Under the provision of § 2244(d)(1)(A), Petitioner's judgment of conviction became final in June 2017, thirty days after the judgment entry of sentence, when the time period expired to file a timely appeal. *See Searcy v. Carter*, 246 F.3d 515, 518–19 (6th Cir. 2001); Ohio App.R. 4(A). It is true that Petitioner's subsequent motions for a delayed appeal, motion to withdraw his guilty plea, and state post-conviction petition are the type of filings that can toll the running of the statute of limitations under § 2244(d)(2). But those filings cannot and did not re-set the start date for the running of the statute of limitations. *See Searcy*, 246 F.3d at 519; *see also Wells v.*

*Warden, Lebanon Corr. Inst.*, No. 1:09-cv-051, 2010 WL 1253499, at *4 (S.D. Ohio Jan. 8, 2010) (citing *Goodballet v. Mack*, 266 F. Supp. 2d 702, 705 (N.D. Ohio 2003)). Put simply, "[t]he tolling provision does not . . . 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003) (citing *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

Applying those principles here, this action is untimely. Assuming, to Petitioner's benefit, that the one-year statute of limitations did not begin to run until November 2018—when the time period expired to file an appeal from the appellate court's dismissal of his post-conviction appeal—the statute of limitations expired in November 2019. Yet, Petitioner waited until April 6, 2020, to execute this habeas corpus petition. By any calculation, his filing of a January 2019 motion to withdraw his guilty plea does not assist him, as he filed that action after the statute of limitations had already expired. Moreover, all of the claims he raised therein were issues that he could have raised on direct appeal or in his prior motion to withdraw the guilty plea. *Morris*, 2019 WL 4547083, at *2. Thus, the January 2019 motion to withdraw guilty plea does not justify a later start date for the running of the statute of limitations under the provision of 28 U.S.C. § 2244(d)(1)(D). Further, Petitioner does not allege, and the record does not reflect, any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See Holland v. Florida,* 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (holding that to obtain equitable tolling of the statute of limitations, a litigant must establish that he has been diligently pursued relief and that some extraordinary circumstance stood in his way of timely filing).

### III. RECOMMENDED DISPOSITION

Accordingly, it is **RECOMMENDED** that this action be **DISMISSED** as untimely.

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.

Date: May 5, 2020                             s/ Kimberly A. Jolson
                                               KIMBERLY A. JOLSON
                                               UNITED STATES MAGISTRATE JUDGE