**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**MICHAEL T. MORRIS,**

      **Petitioner,**

      **v.**

**WARDEN, NOBLE**
**CORRECTIONAL INSTITUTION,**

      **Respondent.**

      **CASE No. 2:20-CV-01803**
      **JUDGE SARAH D. MORRISON**
      **Magistrate Judge Kimberly A. Jolson**

## OPINION & ORDER

On May 5, 2020, the Magistrate Judge issued a Report and Recommendation pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that this action be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).  (ECF No. 5.)  Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation.  (ECF No. 8.)  Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review.  For the reasons that follow, Petitioner's Objection (ECF No. 8) is **OVERRULED.**  The Report and Recommendation (ECF No. 5) is **ADOPTED** and **AFFIRMED.**  This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner acknowledges that he untimely filed this habeas corpus petition.  Nonetheless, he argues that the Court should address the merits of his claims, because the failure to do so will result in a fundamental miscarriage of justice.  Petitioner contends that new reliable evidence not earlier discoverable with due diligence shows that he was denied the effective assistance of counsel.  Additionally, Petitioner argues that the statute of limitations does not bar his claims because he was incompetent to enter his guilty plea.

However, Petitioner does not identify the nature of any new evidence that would justify a delayed start-date for the running of the statute of limitations under the provision of 28 U.S.C. § 2244(d)(1)(D). To the contrary, the record reflects that all of his claims would have been readily apparent at the time of the entry of his guilty plea. Further, the record does not indicate that Petitioner acted diligently or could not earlier pursue relief such that equitable tolling of the statute of limitations would be warranted. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (in order to obtain equitable tolling of the statute of limitations, a litigant must establish that he diligently pursued relief and that some extraordinary circumstance barred him from timely filing). Petitioner failed to file a timely appeal in the state appellate and Ohio Supreme Court. The appellate court subsequently dismissed Petitioner's appeal of the denial of his motion to withdraw guilty plea based on his failure to file an appellate brief. He then waited six months and filed a second motion to withdraw his guilty plea, raising the same arguments previously presented. The appellate court affirmed the trial court's dismissal of that action as barred by res judicata. *See State v. Morris*, 10th Dist. No. 19AP-152, 2019 WL 4547083, at *1-2 (Ohio Ct. App. Sept. 19, 2019). On December 17, 2019, the Ohio Supreme Court declined to accept jurisdiction of the appeal. Still, Petitioner waited until April 6, 2020, to execute this habeas corpus petition.

Petitioner has presented no new reliable evidence not available at trial suggesting that "it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *See Arega v. Chillicothe Corr. Inst*., No. 2016 WL 5793760, at * 4 (S.D. Ohio Oct. 4, 2016) (citing *Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005) (other citations omitted). Thus, equitable tolling of the statute of limitations is not justified based on a fundamental miscarriage of justice. He likewise has presented no evidence to support his claim that he was not competent

to enter a guilty plea or that such incompetence prevented his timely filing. "[A] petitioner's failure to present any evidence of his mental health status during the limitations period is fatal to his tolling effort." *Jenkins v. Turner*, No. 17-cv-738, 2019 WL 311763, at *1 (S.D. Ohio Jan. 24, 2019) (citing *Ernst v. White*, No. 2:17-CV-219-DCR-REW, 2018 WL 843015, at *3 (E.D. Ky. Jan. 22, 2018)).

For these reasons and for the reasons detailed in the Magistrate Judge's Report and Recommendation, Petitioner's Objection (ECF No. 8) is **OVERRULED.** The Report and Recommendation (ECF No. 5) is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, —–U.S. —–. —–, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes

that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court is not persuaded that reasonable jurists would debate the dismissal of this action as untimely. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

**IT IS SO ORDERED**.


/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**