**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**MICHAEL T. MORRIS,**

                **Petitioner,**                                **CASE No. 2:20-CV-1803**
**v.**                                                          **JUDGE SARAH D. MORRISON**
                                                                **Magistrate Judge Kimberly A. Jolson**
**WARDEN, NOBLE CORRECTIONAL
INSTITUTION,**

                **Respondent.**

<u>**REPORT AND RECOMMENDATION**</u>

        This habeas corpus case, brought by Petitioner Michael T. Morris under 28 U.S.C. § 2254, is before the Court on remand from the United States Court of Appeals for the Sixth Circuit.  (Docs. 14, 15).  This case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

        This matter is before the Court to consider the Petition, Respondent's Return of Writ, Petitioner's Traverse, and the state court record.  For the reasons that follow, it is **RECOMMENDED** that this action be **DISMISSED with prejudice**.

**I.      BACKGROUND**

        On May 11, 2017, and after a jury trial was underway, Petitioner entered a negotiated guilty plea to three counts of Rape, in the Franklin County Court of Common Pleas.  Pursuant to a jointly recommended sentence, the trial court sentenced Petitioner to a total of eighteen years imprisonment.  The Ohio Tenth District Court of Appeals summarized the facts and procedural history of the case as follows:

{¶ 2} In July 2016, the Franklin County Grand Jury indicted Morris on six counts of rape, all first-degree felonies, in violation of R.C. 2907.02, and one count of gross sexual imposition, a fourth-degree felony, in violation of R.C. 2907.05. Morris initially pleaded not guilty, and the matter proceeded to trial in May 2017. After the trial had commenced, Morris pleaded guilty to committing three first-degree felony counts of rape, in violation of R.C. 2907.02. A nolle prosequi was entered as to the remaining counts of the indictment. The trial court imposed the jointly recommended prison sentence of 6 years as to each count, to be served consecutively with each other, for a total sentence of 18 years.

{¶ 3} Morris did not timely appeal from the trial court's judgment of conviction and sentence, but in August 2017, he filed a motion for leave to file a delayed appeal. Because Morris failed to demonstrate a reasonable explanation for his failure to perfect a timely appeal, this court denied his delayed appeal request. *State v. Morris*, 10th Dist. No. 17AP-609 (Oct. 19, 2017) (memorandum decision). In January 2018, Morris requested leave to file a delayed appeal to the Supreme Court of Ohio, which denied that request.

{¶ 4} Additionally, on October 4, 2017 and pursuant to Crim.R. 32.1, Morris filed a motion to withdraw his guilty plea to the three counts of rape. In seeking to withdraw his plea, Morris claimed that his trial counsel misled him into signing the plea agreement and that his counsel did not fully explain the plea agreement to him. The next day, Morris filed an identical motion to withdraw his guilty plea. On October 16, 2017, Morris filed a petition for postconviction relief pursuant to R.C. 2953.21, asserting his conviction was void or voidable under the United States and Ohio Constitutions due to ineffective assistance of counsel.

{¶ 5} On July 2, 2018, the trial court denied Morris' petition for postconviction relief. The next day, the trial court denied his request to withdraw his guilty plea. He filed a timely notice of appeal. On October 22, 2018, this court dismissed Morris' appeal based on his failure to file a brief.

{¶ 6} In January 2019, Morris filed another motion to withdraw his guilty plea pursuant to Crim.R. 32.1, claiming that he was misled by his trial counsel, that he was under duress to enter the plea, and that he was taking medications affecting his state of mind. In February 2019, the trial court denied Morris' successive motion.

*State v. Morris*, 10th Dist. No. 19AP-152, 2019 WL 4547083, at *1-2 (Ohio Ct. App. Sept. 19, 2019).  On September 19, 2019, the appellate court affirmed the trial court's judgment dismissing Petitioner's third motion to withdraw his guilty plea as barred under Ohio's doctrine of *res judicata*.  *Id*.  On December 17, 2019, the Ohio Supreme Court declined to accept jurisdiction of the appeal.  *State v. Morris*, 157 Ohio St. 3d 1514 (2019).

## II.     PETITIONER'S CLAIMS

On April 6, 2020, Petitioner filed the instant federal habeas corpus Petition setting forth

three grounds for relief:

> **GROUND ONE**:   Petitioner submitted a motion to trial court to resend [sic]
> Petitioner's guilty plea.
> Supporting Facts:  Petitioner was first underdress [sic] from taking medication,
> through the county jail facility.  Then appointed counsel who represent Petitioner
> was ineffective and denied Petitioner Due Process.
>
> **GROUND TWO**:   Petitioner submitted a motion to trial court to resend [sic]
> Petitioner's guilty pleas.
> Supporting Facts:  The Petitioner was under duress and had been medicated and
> was unable to comprehend what counsel was having Petitioner sign during the jury
> trial.
>
> **GROUND THREE**:   Petitioner again appealed to the trial court to resend [sic]
> Petitioner guilty plea pursuant to Crim. R. 32.1.
> Supporting Facts:  Trail [sic] court denied Petitioner Constitutional Rights to resend
> [sic] Petitioner the guilty plea that Petitioner signed under duress by the ineffective
> assistance of counsel who had Petitioner waive the jury trial proceeding.

(Petition, Doc. 1, at PAGEID # 3–5).  The Sixth Circuit has determined the Petition in this case is

timely.  *Morris v. Forshey*, No. 20-3869, 2021 WL 3671153 (6th Cir. Mar. 1, 2021); (Doc. 14, at

PAGEID # 4).

On July 29, 2021, Respondent filed the state court record and a Return of Writ.  (Docs. 18,

19).  Respondent argues that all of Petitioner's claims are procedurally defaulted and without merit,

and argues the Petition can be decided based on the state court record without the need for an

evidentiary hearing.  For the reasons that follow, this Court agrees.


The gist of Petitioner's claims as set forth in this habeas Petition is that his guilty plea to

three counts of Rape was not knowingly and intelligently made, because he was under duress and

under the influence of medication that made him unable to understand the nature and consequences

of his plea. Petitioner references the ineffective assistance of his trial counsel but fails to provide any factual specificity with respect to that assertion. Although Petitioner began challenging his decision to plead guilty approximately three months after his plea – via an August 2017 delayed motion to file a direct appeal – the specific claims that he raises before this Court concerning duress, medication and his alleged inability to understand the proceedings were not presented to the state courts until January 2019, when Petitioner filed a third motion to withdraw his guilty plea. A detailed review of the state court proceedings is necessary.

## III.   DETAILED STATE COURT PROCEDURAL HISTORY

### A. Motion for Delayed Direct Appeal

The record reflects that on May 11, 2017, the Franklin County Court of Common Pleas sentenced Petitioner to a total of eighteen years imprisonment, based on a joint recommendation of the parties. Petitioner did not file a timely appeal. On August 24, 2017 – more than three months after his guilty plea and sentencing – Petitioner sought leave to file a delayed appeal pursuant to Ohio Rule of Appellate Procedure 5(A). On October 19, 2017, the Tenth District Court of Appeals denied Petitioner's motion for leave to file a delayed appeal, finding Petitioner failed to demonstrate a justifiable explanation for not filing a timely appeal. (Doc. 18, at PAGEID # 95). Specifically, the Tenth District Court of Appeals held:

> {¶ 6}  Here, defendant filed his motion for delayed appeal on August 24, 2017, over three months after the journalization of the judgment entry on May 12, 2017. Defendant asserts that he requested his counsel to file an appeal on the date he entered a plea, May 11, 2017, and that counsel failed to do so. Defendant claims that due to being transferred between correctional facilities, he was unable to determine that an appeal was not filed on his behalf.
> {¶ 7}  Defendant signed a guilty plea form acknowledging that he understood he had a right to appeal within 30 days of the entry of judgment. Defendant has not alleged he was unaware of this right, nor does he explain how being incarcerated prevented him from taking affirmative steps to protect his appellate rights under these circumstances. Furthermore, the mistaken belief that counsel has filed an appeal on one's behalf has previously been rejected as a

4

reasonable explanation for failing to file a timely appeal. *State v. Hayes*, 10th Dist. No. 11AP-636 (Sept. 27, 2011) (memorandum decision); *State v. Morris*, 10th Dist. No. 10AP-160 (Mar. 31, 2010) (memorandum decision); *State v. Thombs*, 10th Dist. No. 07AP-364 (June 19, 2007) (memorandum decision).

{¶ 8}  Defendant has not demonstrated a reasonable explanation for failure to perfect a timely appeal.  Defendant's motion requesting leave to file a delayed appeal, motion for appointment of counsel, and motion for preparation of a complete transcript of proceedings at state expense are denied.

(Doc. 18, at PAGEID # 94–95).

Petitioner did not file a timely appeal of the decision of the court of appeals, because his initial appellate documents were returned to him for failing to attach the lower court's decision. (*Id.* at PAGEID # 101, 106).  Petitioner sought to file a delayed appeal in the Supreme Court of Ohio, arguing he was entitled to relief on the basis of prosecutorial misconduct and ineffective assistance of counsel.  (*Id.* at PAGEID # 100–04).  Petitioner argued that the State of Ohio could not prove the necessary element of force with respect to the charges of Rape, because the victim "gave several statements and an interview with the Child Assessment Center" and "[a]t no time during these statements and interview given by the victim was there any mention of force or threat of force or intimidation." (*Id.* at 102).  According to Petitioner:

Counsel also sat through (3) days of trial and heard testimony from victim. After (3) days of trial counsel advised Appellant to take a plea deal on (3) counts of Rape R.C. 2907.02 to be served consecutive offered by the prosecutor.  After (3) days of trial testimony counsel and prosecutor knew that the charge was not valid because the evidence was not there to prove the charge.  The prosecutor could not prove his case therefore, counsel was ineffective for advising Appellant to plead instead of continuing on with the trial.  Appellant would have been found not guilty of the charges. . . .

(*Id.* at PAGEID # 103).  On February 28, 2018, the Ohio Supreme Court summarily denied Petitioner's motion for leave to file a delayed appeal.  *State v. Morris*, 152 Ohio St. 3d 1405 (2018); (Doc. 18, at PAGEID # 119).

**B.  Motions to Withdraw Guilty Plea and Petition for Post-conviction Relief**

While Petitioner's motion for leave to file a delayed appeal was pending before the Tenth District Court of Appeals, Petitioner filed two motions to withdraw his guilty plea in the trial court, as well as a petition for post-conviction relief. Specifically, on October 4, 2017, and on October 5, 2017, Petitioner filed identical motions to withdraw his guilty plea, pursuant to Ohio Crim. R. 32.1, alleging that trial counsel was ineffective and misled him into pleading guilty:

> [A]ttorney did not thoroughly explain the plea agreement to Defendant. Defendant did not want a plea agreement, defendant wanted a trial. Trial lasted for (3) days at which time attorney informed defendant to sign plea agreement paperwork, claiming this is the best choice. Defendant is unaware of how the rules of court work, and attorney did not explain them. Defendant would like to plead not guilty to the charges in the indictment. Attorney mislead Defendant into the plea agreement.

(Doc. 18, at PAGEID # 121). On July 3, 2018, the trial court denied Petitioner's motions to withdraw his plea, finding Petitioner failed to satisfy Ohio's manifest injustice standard. (*Id*. at PAGEID # 143–48). The trial court determined Petitioner failed to establish that his trial counsel performed deficiently in connection with the guilty plea, and also that Petitioner failed to support his motion with any evidence other than his own unsworn, self-serving Affidavit. With respect to the circumstances surrounding the entry of his guilty plea, the trial court noted as follows:

> Defendant and his counsel both signed the Entry of Guilty Plea. (Entry of Guilty Plea, May 11, 2017.) That form indicated that Defendant was "completely satisfied with the legal representation and advice I have received from my counsel."

(*Id*. at PAGEID # 145).

On July 30, 2018, Petitioner filed a notice of appeal, arguing the trial court took too long to rule on the underlying motions to withdraw his guilty plea. (*Id*. at PAGEID # 150). In an Affidavit filed with his notice of appeal, Petitioner described the circumstances surrounding his plea as follows:

> Mr. Leon Sinoff advised me to sign this contract so that the Prosecutor would take away some of the charges on my indictment. I, Michael Morris, had no

intention of pleading guilty to charges that I did not commit. No evidence was submitted to substantiate the charges against me after a (3) day trial.

My attorney, Mr. Leon Sinoff failed to fully disclose/explain the terms of said contract presented to me . . . .

* * *

I, Michael Morris, was instructed by my attorney Mr. Leon Siniff to just say "yes your honor" when I was questione[d] by the Judge during my trial. Mr. Sinoff knew that I had no knowledge of court proceedings. He didn't give my discovery until several months after the trial.

(*Id.* at PAGEID # 152). On October 22, 2018, the court of appeals dismissed Petitioner's appeal, because Petitioner failed to file an appellate brief. (*Id.* at PAGEID # 154).

During the time Petitioner's motions to withdraw his guilty plea were pending, Petitioner also filed a petition for post-conviction relief. The petition, filed October 16, 2017, set forth a single claim of ineffective assistance of trial counsel on the basis that counsel withheld the state's discovery, as well as other "vital information" during the trial proceedings. Petitioner claimed:

Trial lasted for (3) days and the morning of the (4th) day counsel instructed me to sign plea deal, claiming this was my best option. Counsel knew the testimony did not add up to the charge of Rape, because there was no evidence of force or threat of force. These are the key elements to substantiate the charge and counsel knew this. Therefore, why would counsel instruct defendant to take a plea knowing the state could not prove their case to the charge on the indictment? Counsel forwarded the discovery to defendant August 28th, 2017, (3) months after trial. The record and evidence of this case does not add up to the charge and my counsel knew this. Defendant's charge should have been G.S.I (2907.05). Defendant should not be doing time for (3) counts of Rape, 6 years on each to be ran consecutively.

(*Id.* at PAGEID # 157). On July 2, 2018, the trial court denied the petition for post-conviction relief, finding Petitioner failed to offer any evidence in support of his claims, and determining the element of force was established in this case given Petitioner's position of authority over the minor victim due to their familial relationship. (*Id.* at PAGEID # 171–72). Specifically, the trial court made the following findings of fact and conclusions of law:

Defendant specifically alleges that his Counsel turned over the discovery in his possession ninety days after trial and withheld "vital information" during the trial proceedings. (Def's Petition at pg. 2.) He then argues that there was no

testimony regarding force or threat of force. (*Id* at pg. 3.) Upon review, these arguments are not well-taken. Defendant has failed to provide any evidence to support the claims made in his Petition or establish either requirement necessary for an ineffective assistance claim. There was no transcript, or portion of transcript, offered in support.  No exhibits or affidavits were attached. Defendant's own unsworn statements do not meet the burden.

Further, the record indicates that Defendant and his counsel both signed the Entry of Guilty Plea. (Entry of Guilty Plea, May 11, 2017.) That form specified that Defendant was "completely satisfied with the legal representation and advice I have received from my counsel." (*Id*. at pg. 2.) Defendant has failed to provide any evidence in support of his claim of ineffective assistance of counsel, and a hearing is not necessary.

Moreover, "the force and violence necessary to commit the crime of rape depends upon the age, size and strength of the parties and their relation to each other." *State v. C.W.*, 10th Dist. Franklin No. 15AP-1024, 2018-Ohio-1479, ¶32, quoting *State v. Eskridge,* 38 Ohio St. 3d 56, 526 N.E.2d 304 (1988), paragraph one of the syllabus.  The Tenth District Court of Appeals has explained that

> "'[f]orce need not be overt and physically brutal, but can be subtle and psychological. As long as it can be shown that the rape victim's will was overcome by fear or duress, the forcible element of rape can be established.'" *State v. Eskridge,* 38 Ohio St. 3d 56, 58-59, 526 N.E.2d 304 (1988), quoting *State v. Fowler,* 27 Ohio App.3d 149, 154, 27 Ohio B. 182, 500 N.E.2d 390 (8th Dist.1985). When "'confronted with a child being told to do something by an important figure of authority, and commanded not to tell anyone about it [there is] nothing unreasonable about a finding that the child's will was overcome.'" *Eskridge* at 59, quoting *Fowler* at 154. Consequently, under such circumstances, the forcible element of rape properly is established. *Eskridge* at 59.

*State v. A.H.,* 10th Dist. Franklin No. 16AP-487, 2017-Ohio-7680, ¶30. This has been applied to cases involving parents, step-parents, grandparents, and figures of authority. *C. W.* at ¶32; *State v. TE.H.,* 10th Dist. Franklin Nos. 16AP-384, 16AP-385, 16AP-386, 2017-Ohio-4140, ¶52; *State v. Whitt,* 5th Dist. Coshocton No. 10-CA-10, 201 l-Ohio-3022, ¶37 ("[W]hen the rape involves a child and that child's parent or a parental figure, such as a grandparent who has raised the child since the child was two, subtle and psychological forms of coercion sufficiently show force."). In this case, Defendant was the step-grandparent to the fifteen-year-old victim. Based upon the relationship between the two parties, Defendant had a position of authority over the victim.

Based on the foregoing, the Court hereby DENIES & DISMISSES Defendant's Petition to Vacate or Set Aside Judgment of Conviction or Sentence filed October 16, 2017. This is a final, appealable order.

(*Id*. at PAGEID # 171–72).  The trial court noted that on June 5, 2018, Petitioner filed an Affidavit

to the docket but "did not request, nor was he granted, leave to supplement this Petition.  Therefore,

8

the Court did not consider the improper and untimely June 5, 2018 Affidavit." (*Id*. at PAGEID #

171). The record reflects Petitioner did not appeal the trial court's denial of his petition for post-

conviction relief.

### C. Third Motion to Withdraw Guilty Plea

Importantly, on January 16, 2019, Petitioner filed a third motion to withdraw his guilty

plea pursuant to Ohio Crim. R. 32.1. (Doc. 18, at PAGEID # 174). In that motion, Petitioner

alleged for the first time that he was under duress and under the influence of medications that

prevented him from knowingly and voluntarily entering his guilty plea. Specifically, Petitioner

alleged:

> Defendant was arrested June 27, 2016, and was placed in the Columbus
> County Facility. Upon Defendant's arrival at the County Facility he was placed on
> observation status for psychological reasons.
> After an evaluation, Defendant was prescribed (3) kinds of psych
> medications, which were administered twice a day.
> Defendant plead not guilty and wanted a jury trial from the start of this case.
> After (3) days of trial, Defendant's attorney misled him with fear tactics, claiming
> Defendant needs to sign this box to eliminate numerous years. Defendant never
> saw any papers claiming he wanted to plead guilty.
> Defendant was under extreme duress after being in the County Facility (11)
> months and was under the influence of (3) kinds of psych medications. Defendant's
> attorney took advantage of his state of mind and mislead him into signing the
> electronic box.
> Defendant was under the influence of medications during the court
> proceedings and could not make an intelligent and knowing decision. Attorney
> never filed for a competency hearing, knowing Defendant was on the psychological
> case load.
> Anything Defendant did or signed under duress and psych medication is not
> binding by law. Defendant's trial was not fair because attorney was ineffective,
> and Defendant was under the influence of drugs and not in his right mind.
> Defendant would never have agreed to (3) consecutive (6) year terms for a
> crime he did not commit, and prosecution did not prove.

(*Id*. at PAGEID # 175). The trial court denied Petitioner's successive motion on the basis of *res*

*judicata*, finding the issues presented in the third motion to withdraw his plea could have been

raised on direct appeal, in post-conviction, or as part of the two prior motions to withdraw his

guilty plea. (*Id*. at PAGEID # 189). Additionally, the trial court cited undue delay in the filing of

the third motion. (*Id*. at PAGEID # 191). The trial court noted:

> Here, Defendant filed the Motion more than one and half years after he entered his
> guilty plea. He fails to provide any explanation for this delay. Defendant failed to
> raise the claims he now presents in his previous postconviction filings, even though
> he was aware of the facts surrounding those claims at the time those filings were
> made.

(*Id*.).

On March 14, 2019, Petitioner filed a notice of appeal of the trial court's order denying his

motion to withdraw his plea, setting forth four assignments of error. Specifically, Petitioner

asserted that trial counsel was ineffective for failing to present any evidence to the jury that

Petitioner was not guilty and for "manipulating" Petitioner into signing the plea documents (first

assignment of error), that counsel failed to inform the court that Petitioner was on the mental health

case load and was being given psychiatric medication, and for failing to request a competency

evaluation before the plea hearing (second assignment of error), that the trial court erred in denying

Petitioner's motion to withdraw his guilty plea without a hearing (third assignment of error), and

that Petitioner was denied equal protection of the law and due process because the State's evidence

was insufficient to support the charges (fourth assignment of error). (Doc. 18, at PAGEID # 196–

210). With respect to his second assignment of error, Petitioner argued:

> I was under the influence of (3) psychological medications and threatened with (66)
> years in prison, so I signed. Now I am lodging my appeal to a higher court, as a
> matter of law, because all I said or did was under duress and therefore unlawful. I
> was psychologically and physically impaired.

(*Id*. at PAGEID # 204).

On September 19, 2019, the Tenth District Court of Appeals issued a decision affirming

the decision of the trial court, and finding that Petitioner's successive motion to withdraw his guilty

plea was barred by *res judicata*. The court of appeals held:

Here, Morris' January 2019 motion to withdraw his guilty plea was barred by res judicata. It is well-established that res judicata bars claims raised in a Crim.R. 32.1 post-sentence motion to withdraw a guilty plea that were raised or could have been raised in a prior proceeding such as a direct appeal or a prior motion to withdraw a guilty plea. *State v. Rangel*, 11th Dist. No. 2018-L-102, 2019-Ohio-1845, ¶ 12; *State v. Madrigal*, 6th Dist. No. L-10-1142, 2011-Ohio-798, ¶ 16. Morris did not timely appeal from his judgment of conviction and sentence, and his request for leave to file a delayed appeal was denied. Then in October 2017, he moved to withdraw his guilty plea, and he petitioned for postconviction relief. Those requests were denied. He appealed the denial of those motions, but the appeal was dismissed because he did not file an appellate brief. In his January 2019 motion to withdraw his guilty plea, Morris asserted that his plea was not knowingly and intelligently entered because he was misled by his trial counsel, he was under duress to enter the plea, and he was taking medications affecting his state of mind. This motion raised issues that were, or could have been, raised in a direct appeal or by prior motion. Consequently, res judicata barred the motion. And because this motion was barred by res judicata, the trial court did not err in denying the motion without a hearing. *State v. Rock*, 11th Dist. No. 2018-L-021, 2018-Ohio-4175, ¶ 14.

Accordingly, we overrule Morris' first, second, third, and fourth assignments of error.

*State v. Morris*, 10th Dist. No. 19AP-152, 2019 WL 4547083, at *2-3 (Ohio Ct. App. Sept. 19, 2019).  On December 17, 2019, the Ohio Supreme Court declined to accept Petitioner's appeal.

*State v. Morris*, 157 Ohio St. 3d 1514 (2019); (Doc. 18, at PAGEID # 235).

## IV.    PROCEDURAL DEFAULT

Before considering the merits of Petitioner's habeas claims, the Court must first determine whether Petitioner has cleared certain procedural hurdles.  Respondent argues that Petitioner has not, and that each of Petitioner's claims is barred by procedural default.  The Court agrees.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress has provided that state prisoners who are in custody in violation of the Constitution or laws or treaties of the United States may apply to the federal courts for a writ of habeas corpus.  28 U.S.C. § 2254(a).  In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal

courts, a state criminal defendant with federal constitutional claims is required to first present those claims to the state courts for consideration.  28 U.S.C. § 2254(b), (c).  If the prisoner fails to do so, but still has an avenue open to present the claims, then the petition is subject to dismissal for failure to exhaust state remedies.  *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)).  Where a petitioner has failed to exhaust claims but would find those claims barred if later presented to the state courts, "there is a procedural default for purposes of federal habeas."  *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

Over time, the term "procedural default" has come to describe a situation where a person convicted of a crime in a state court fails (for whatever reason) to properly present a particular claim to the highest court of the state so that the state has a fair chance to correct any errors made in the course of the trial or the appeal, before a federal court intervenes in the state criminal process. This "requires the petitioner to present 'the same claim under the same theory' to the state courts before raising it on federal habeas review."  *Hicks v. Straub*, 377 F.3d 538, 552-53 (6th Cir. 2004) (quoting *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)).  One of the aspects of "fairly presenting" a claim to the state courts is that a habeas petitioner must do so in a way that gives the state courts a fair opportunity to rule on the federal law claims being asserted.  That means that if the claims are not presented to the state courts in the way in which state law requires, and the state courts therefore do not decide the claims on their merits, neither may a federal court.  As the Supreme Court found in *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), "contentions of federal law which were not resolved on the merits in the state proceeding due to [the] failure to raise them there as required by state procedure" also cannot be resolved on their merits in a federal habeas case – that is, they are "procedurally defaulted."  It is well settled that "[a] common example of a

procedural default is a failure to raise a claim in state court in a timely manner." *Gibbs v. Huss*, 12 F.4th 544, 550 (6th Cir. 2021).

### A. Factors for determining default

To determine whether procedural default bars a habeas petitioner's claim, courts in the Sixth Circuit engage in a four-part test. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *see also McNeill v. Bagley*, 10 F.4th 588, 595 (6th Cir. 2021) (citing the four-part *Maupin* standard). First, the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim and whether the petitioner failed to comply with the rule. Second, the court must determine whether the state courts actually enforced the state procedural sanction. Third, the court must determine whether the forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. Finally, if the court determines that a state procedural rule was not complied with and the rule has an adequate and independent state ground, then the petitioner may still obtain review of his or her claims on the merits if the petitioner establishes: (1) cause sufficient to excuse the default and (2) that he or she was actually prejudiced by the alleged constitutional error. *Maupin*, 785 F.2d at 138.

In order to establish cause, a petitioner must show that "some objective factor external to the defense" impeded the petitioner's efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The petitioner bears the burden of showing cause and prejudice, *Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001) (citing *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999)), and a petitioner's *pro se* status, ignorance of the law, or ignorance of procedural requirements are insufficient bases to excuse a procedural default. *See Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004). A petitioner "must present a substantial reason that is external to himself and cannot be fairly attributed to him." *Hartman v. Bagley*, 492 F.3d 347, 358

(6th Cir. 2007). If, after considering all four factors of the *Maupin* test, the Court concludes that a procedural default occurred, it must not consider the procedurally defaulted claim on the merits, unless "review is needed to prevent a fundamental miscarriage of justice, such as when the petitioner submits new evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent." *Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (citing *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986)).

### B. Application

Petitioner's habeas Petition sets forth three claims for relief, all of which repeat the same core allegation, which is that his guilty plea to three counts of Rape was not knowing or voluntary, because he was "under duress" and under the influence of psychiatric medication at the time he entered his plea. The headings to all three counts appear to specifically challenge the trial court's denial of Petitioner's various motions to withdraw his guilty plea. Petitioner characterizes his first ground for relief as also asserting a claim of ineffective assistance of trial counsel, but Petitioner does not provide a factual basis for how counsel was ineffective. Petitioner argues only that he was under duress and taking medication, and trial counsel denied him "due process."

Petitioner asserts that his first and second claims for relief were raised in the state courts on direct review. The record reflects, however, that Petitioner did not present either of these claims to the Tenth District Court of Appeals in a timely direct appeal, because Petitioner did not take such an appeal. Rule 4(A) of the Ohio Rules of Appellate Procedure requires an appellant to file a notice of appeal within thirty days of entry of the judgment or order appealed. Petitioner did not comply with that Rule. Instead, Petitioner filed a *pro se* motion for leave to file a delayed appeal pursuant to Ohio Appellate Rule 5(A), which the Ohio Court of Appeals denied. Under Ohio law, to succeed on a motion for a delayed appeal brought pursuant to Rule 5(A), the petitioner "must

demonstrate cause for both the delay itself, and the length of the delay." *Stone v. Moore*, 644 F.3d 342, 346 (6th Cir. 2011). Here, the state appellate court determined that Petitioner failed to provide a reasonable explanation for his delay in seeking leave to appeal. (Doc. 18, at PAGEID # 94–95).

Applying the *Maupin* factors to this case, the Court finds that Ohio has an applicable procedural rule: a direct appeal as of right from a criminal conviction must be filed within thirty days of the judgment of conviction. "Setting a definite deadline for taking an appeal is an independent and adequate state procedural rule: it is not related to any federal law and it is supportive of the State's interest in obtaining finality for criminal convictions." *Montelongo-Rangel v. Warden*, 2:20-CV-5463, 2021 WL 2334275, at *4 (S.D. Ohio June 8, 2021) (Merz, M.J.), *report and recommendation adopted*, 2021 WL 3630515 (S.D. Ohio Aug. 17, 2021). Petitioner failed to comply with this rule, and the Tenth District Court of Appeals enforced this time limit when it denied his attempt to file a delayed appeal pursuant to Rule 5(A). The Sixth Circuit has determined that "a petitioner's failure to follow Ohio Rule of Appellate Procedure 5(A) can serve as the basis for a procedural default of a petitioner's habeas claims." *Stone v. Moore*, 644 F.3d 342, 348 (6th Cir. 2011); *Board v. Bradshaw*, 805 F.3d 769, 774 (6th Cir. 2015) (citing *Stone*). *See also Genous v. Gray*, No. 2:19-CV-3742, 2020 WL 619759, *4 (S.D. Ohio Feb. 10, 2020) (Merz, M.J.) (citing *Stone* and noting Ohio appellate court "enforced the time limit on direct appeals" by denying petitioner's Rule 5 motion), *report and recommendation adopted*, 2020 WL 1316432 (S.D. Ohio Mar. 20, 2020).

Petitioner's default in connection with his unsuccessful attempt at a delayed direct appeal was further compounded by the fact that Petitioner did not file a timely appeal of the appellate court's adverse decision in the Supreme Court of Ohio. The record reflects that Petitioner's request to file a delayed appeal in the Supreme Court of Ohio was summarily denied on February 28, 2018.

*State v. Morris*, 152 Ohio St. 3d 1405 (2018); (Doc. 18, at PAGEID # 119).  The Ohio Supreme Court's summary denial of Petitioner's motion for a delayed appeal is a procedural ruling, *see Harris v. Turner*, No. 20-3446, 2020 WL 6286309, *1 (6th Cir. Aug. 4, 2020) (citing *Bonilla v. Hurley*, 370 F.3d 494, 467 (6th Cir. 2004)), that is "an adequate and independent state ground for barring habeas corpus relief."  *Robinson v. Collins*, No. 20-3071, 2020 WL 3987990, *1 (6th Cir. May 26, 2020) (citing *Smith v. Ohio Dep't of Rehab & Corr.*, 463 F.3d 426, 431-32 (6th Cir. 2006)).

The Court also notes that in seeking to file a delayed appeal, Petitioner sought to assert claims of prosecutorial misconduct and ineffective assistance of trial counsel.  To be sure, Ohio Appellate Rule 5(A)(2) does not require an appellant to set forth the claims he seeks to raise if a delayed appeal is granted, as the rule only requires the appellant to set forth the reasons for his failure to perfect a timely appeal as of right, as well as a notice of appeal.  *Board*, 805 F.3d at 773-75 (6th Cir. 2015) (setting forth filing requirements for Ohio Appellate Rule 5(A) motions).  Nevertheless, a review of Petitioner's filing reveals the intended factual basis for his proposed claims.  Petitioner sought to argue that the State of Ohio lacked sufficient evidence to establish the "force" element required for the Rape charges, and also that his trial counsel "sat through (3) days of trial and heard testimony from [the] victim" but advised Petitioner to take a plea deal even though "the evidence was not there to prove the charge."  (Doc. 18, at PAGEID # 103).  Counsel was ineffective, Petitioner argued, for advising Petitioner to plead guilty when he "would have been found not guilty of the charges. . . ." (*Id.*).  Petitioner made no mention of duress, medication, or any inability to understand the plea proceedings in connection with his motion to file a delayed appeal and any argument that he sought to challenge the voluntariness of his plea during that proceeding appears disingenuous.

Petitioner also asserts that he presented his duress and influence of medication claims to the state courts as part of his petition for post-conviction relief and in connection with his Rule 32.1 motions to withdraw his guilty plea. (Doc. 1, at PAGEID # 4). A review of the state court record shows that Petitioner did not attempt to assert those claims and challenge the knowing and voluntary nature of his guilty plea until he filed his second substantive (but third in time) motion to withdraw his guilty plea on January 16, 2019. (Doc. 18, at PAGEID # 174). In that motion, Petitioner alleged for the first time that he was under duress and under the influence of psychiatric medications that prevented him from knowingly and voluntarily entering his guilty plea. The state courts denied Petitioner's successive motion on the basis of *res judicata*, finding that Petitioner could have raised the duress and medication arguments in connection with his prior attempt to withdraw his guilty plea as well as his post-conviction relief proceedings.

In Ohio, a claim that is dependent on facts that are not part of the trial record cannot be raised on direct appeal. Instead, it must be raised in a post-conviction proceeding pursuant to Ohio Revised Code § 2953.21 and be supported by non-record evidence. In this case, Petitioner seeks to challenge the validity of his plea on the basis that it was not knowingly, intelligently and voluntarily entered due to duress from pretrial incarceration of eleven months, the distorting effects of medication administered by the jail, and the ineffectiveness of trial counsel concerning the plea. These allegations certainly resemble the type of claim that should have been raised in a collateral proceeding and supported by additional evidence *dehors* the record. Additionally, whether Petitioner understood the nature and consequences of the plea he entered is something that is uniquely known by Petitioner, and was uniquely known to him at the time he entered his plea. Yet, Petitioner did not attempt to raise this issue until after he was denied post-conviction relief in the trial court and after his first (and technically second) unsuccessful shot at withdrawing his

guilty plea. As the state courts determined, Petitioner should have asserted his claim in connection with the prior proceedings and should have followed through with an appeal of the trial court's decisions denying him post-conviction relief and denying his requests to withdraw his plea. As set forth under the section addressing the state court procedural history of this case, Petitioner's appeal of the denial of his motion to withdraw his plea was dismissed because Petitioner did not file an appellate brief, and Petitioner did not appeal the trial court's denial of his post-conviction petition at all. Petitioner's failure to seek appellate review runs counter to the well established principle that to obtain relief under § 2254, a habeas petitioner "must first exhaust his state remedies by 'giv[ing] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.'" *Wilson v. Fender*, 20-4168, 2021 WL 3642334, at *3 (6th Cir. May 11, 2021) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

The state courts enforced Ohio's doctrine of *res judicata* against Petitioner by finding that he should have raised his claim challenging the voluntariness of his plea during prior proceedings. "Ohio's '*res judicata*' rule is 'an independent and adequate state ground' for procedural default purposes." *Wilson v. Fender*, No. 20-4168, 2021 WL 3642334, *3 (6th Cir. May 11, 2021) (quoting *Hartman v. Bagley*, 492 F.3d 347, 357-58 (6th Cir. 2007)). As such, Petitioner's failure to challenge the knowing and voluntariness of his plea before the state courts at the appropriate time has resulted in the procedural default of his habeas claims.

Because Petitioner's habeas claims are procedurally defaulted, they may only be considered by this Court if Petitioner can show cause and prejudice to overcome the default. *See Sutton v. Carpenter*, 745 F.3d 787, 790-91 (6th Cir. 2014) (citing *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991)). To repeat, a petitioner's *pro se* status or ignorance of the law is insufficient

to establish cause to excuse a procedural default.  *See, e.g., Bonilla*, 370 F.3d at 498.  Further, "[h]abeas petitioners cannot rely on conclusory assertions of cause and prejudice to overcome procedural default; they must present affirmative evidence or argument as to the precise cause and prejudice produced." *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006).  Here, Petitioner has failed to demonstrate the existence of an objective factor external to the defense that impeded his ability to comply with the state procedural rules.  In fact, Petitioner has not offered any cause to excuse his failure to present his habeas claims to the state courts at the proper stage of the proceedings.  To the extent that Petitioner argued in connection with his state court Rule 5(A) motion that he asked his trial counsel to file a timely notice of appeal and counsel failed to do so, the Court notes that Petitioner has not made that argument here.  Further, a habeas petitioner cannot rely on the ineffective assistance of trial counsel to excuse a procedural default unless the ineffectiveness claim has itself been properly presented to the state courts.  *Edwards v. Carpenter*, 529 U.S. 446 (2000).  The record reflects that no such claim has ever been presented, and therefore, this theoretical "cause" argument is also defaulted.

Beyond the four-part *Maupin* test, the Court must also consider whether this is "an extraordinary habeas corpus case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent. . . ." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). *See also Schlup v. Delo*, 513 U.S. 298, 327 (1995).  To establish a credible claim of actual innocence sufficient to overcome a procedural bar to review, a petitioner must "establish in light of new evidence, 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327).  The standard is "demanding and permits review only in the 'extraordinary' case." *House*, 547 U.S. at 537-38 (quoting *Schlup*, 513 U.S. at 327); *see also Calderon v. Thompson*, 523

U.S. 538, 559 (1998).  Petitioner has not attempted to produce any reliable evidence of actual innocence.

In sum, the Court finds that Petitioner has procedurally defaulted his habeas claims. Therefore, the undersigned **RECOMMENDS** that the Petition be **DISMISSED** as procedurally defaulted.

### C.  Certificate of Appealability

A state prisoner who seeks a writ of habeas corpus in federal court does not have an automatic right to appeal a district court's adverse decision unless the court issues a certificate of appealability ("COA").  28 U.S.C. § 2253(c).  To justify the granting of a COA, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  Recently, the Sixth Circuit cautioned that "a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect," and "[t]o put it simply, a claim does not merit a certificate unless *every independent reason to deny the claim is reasonably debatable*."  *Moody v. United States*, 958 F.3d 485, 488 (6th Cir. 2020) (emphasis in original).  Here, reasonable jurists would not debate whether Petitioner's claims are procedurally defaulted and therefore, the undersigned **RECOMMENDS** that a COA not issue as to any of Petitioner's claims for relief.

### V.    CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that the Petition be **DENIED**, and this action be **DISMISSED with prejudice**.  Petitioner should not be granted a certificate of appealability.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED**.

Date:  December 17, 2021          s/Kimberly A. Jolson
                                  KIMBERLY A. JOLSON
                                  UNITED STATES MAGISTRATE JUDGE